Tubley, J.
delivered the opinion of the court.
This is a case of judgment on motion against a sheriff and a portion of his securities for his default in making return of an execution. Several points have been argued, all of which, but one, we deem it unnecessary to notice, and that presents the question as to the power of a court to render a judgment on motion against a portion of the securities of a sheriff or other officer, without including, the whole. We deem it perfectly useless to reiterate, what has so often, and without variation been said, “That a judgment on motion, being in derogation of common law, must be taken strictly” — as a consequence of this rule it has always been held, that a statute giving a remedy by motion, has no latitude of construction. The statute gives judgment on motion against a sheriff and his securities. If the judgment be taken against less than -the number of the securities, are- the terms of the statute complied with? is it against his securities? surely not. A judgment is given on motion against two; upon what principle shall you have it against one? If it be done, it must be by construction, and that a very dangerous construction. It places too much power in the hands of those entitled* to make the motion; and may be made an engine of oppression. A vindictive creditor with such a weapon in his hands, may destroy any one of a sheriff’s securities, by taking judgment against him individually — and leaving him to his remedy over, which will almost invariably compel him to pay the money in the first instance and seek his remedy afterwards by motion for contribution. Such ought not to be the law, and such we are satisfied itis not now. A judgment may be taken against a sheriff without his securities, but if judgment be sought against them, it must be against them all jointly. Of course, if some be dead, there is no necessity of proceeding against them, because the bond remains obligatory upon the survivors by common law principles. The judgment of the circuit court will, therefore, be reversed, and defendants discharged,.